```
                    UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                           Norfolk Division
```

**PAUL ANTHONY SKYERS, A#28-982-877**

                **Petitioner,**

**v.**                                                                               **2:05CV262**

**MARY F. LOISELLE, Field Office
Director for Detention and
Removal Operations, Immigration
and Customs Enforcement (ICE),**

                **Respondent.**

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

       This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2241.  The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 28 of the Rules of the United States District Court for the Eastern District of Virginia.

### **I.   STATEMENT OF THE CASE**

       Petitioner is a native and citizen of Jamaica, who was admitted to the United States, as a temporary worker, with authorization to remain until July 27, 1987.  (Resp't Mem. in Support of Mot. to Dismiss, Ex. 1.)  However, petitioner remained in the United States beyond July, 1987, without the authorization of ICE.

       On July 21, 1988, petitioner was convicted in the Supreme Court of New York, for criminal possession of a weapon in the third degree.  (Resp't Mem. in Support of Mot. to Dismiss, Ex. 2.)  While in New York custody, petitioner was placed in removal proceedings.  After being placed in INS custody, petitioner was released on bond by an

immigration judge. (Resp't Mem. in Support of Mot. to Dismiss, Ex. 4.) Removal proceedings were continued several times as petitioner sought to adjust his status to that of a lawful permanent resident. (Resp't Mem. in Support of Mot. to Dismiss, Ex. 6.) By letter of December 12, 2001, Joan Foy, Esquire, petitioner's counsel, was advised that petitioner had been arrested on July 13, 2001, in Charlottesville, Virginia, and would remain in custody pending trial. (Resp't Mem. in Support of Mot. to Dismiss, Ex. 7.) On January 11, 2002, the removal proceedings were administratively closed, since petitioner remained in Virginia custody and was unable to attend the removal hearings. (Resp't Mem. in Support of Mot. to Dismiss, Ex. 8.)

On November 16, 2003, while serving a criminal sentence in Virginia, an INS detainer was lodged against petitioner. (Resp't Mem. in Support of Mot. to Dismiss, Ex. 9.) After completing his sentence in late November, 2003, petitioner taken into custody by the INS. After authorities in New York reopened and transferred the removal proceedings to Virginia, petitioner appeared before an immigration judge on May 26, 2005, seeking an adjournment to June 23, 2005. (Resp't Mem. in Support of Mot. to Dismiss, Ex. 10.) However, on June 6, 2005, before the June hearing, ICE added another charge of removability under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), based on petitioner's 2002 drug conviction. (Resp't Mem. in Support of Mot. to Dismiss, Ex. 11.) On June 23, 2005, petitioner was ordered removed to Jamaica. Petitioner waived his right to appeal the order, thus making the immigrations judge's decision final.

On May 5, 2005, before petitioner's removal hearing, he filed a petition for writ of habeas corpus in federal court. On July 19, 2005,

respondent filed a motion to dismiss, or in the alternative, motion for summary judgment.  This matter is now ripe for consideration.

### B.  Grounds Alleged

Petitioner's alleges the following grounds:

1. Petitioner's custody is unlawful under the authority of Zadvydas v. Davis, 533 U.S. 678 (2001);

2. Petitioner's continued detention violates his "right to substantive due process through a depravation of the core liberty interest in freedom from bodily restraint." (Pet. at 4.)

## II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.  Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993).  The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely.  In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference.  See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

**B.  Petitioner's Claim is Moot**.

On June 23, 2005, an immigration judge ordered that petitioner be removed to his native country, and on September 12, 2005, petitioner was, in fact, deported to Jamaica.  Petitioner contests only that he was detained beyond the statutory removal period; he does not challenge the legality of his conviction or the removal order.  Since petitioner is not in custody, the issues presented in his petition "are no longer 'live,'" and petitioner lacks a "legally cognizable interest in the outcome." U.S. Parole Comm'n v. Garraghty, 445 U.S. 388, 396 (1980).  Petitioner's claim is MOOT, and, therefore, the petition should be DISMISSED.

### III.  RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED.  Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right."  Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.  See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules.  See 28

U.S.C. § 636(b)(1)(C)(2000); F<small>ED</small>.R.C<small>IV</small>.P. 72(b).  A party may respond to another party's objections within ten days after being served with a copy thereof.

    2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

    The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

                                                             **/s/**
                                        **James E. Bradberry**
                                        **United States Magistrate Judge**

**Norfolk, Virginia**

    **October 14**, 2005

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

    Paul Anthony Skyers, A#28-982-877, <u>pro</u> <u>se</u>
    Piedmont Regional Jail
    P.O. Box 388
    Farmville, VA 23901

    Virginia L. VanValkenburg
    Assistant United States Attorney
    United States Attorney's Office
    101 West Main Street, Suite 8000
    Norfolk, VA 23510

                      Elizabeth H. Paret, Clerk

                      By _____
                            Deputy Clerk

                    _____, 2005